NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West 7th Avenue, # 9, Room 253
Anchorage, AK  99513-7567
Phone:  (907) 271-5071
Fax:  (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | Case No. 3:99-cr-00096-RRB |
| ) | |
| Plaintiff,            ) | **RESPONSE TO DEFENDANT'S** |
| ) | **OBJECTION** |
| vs.            ) | |
| ) | |
| JOSEPH E. WILSON, JR.,            ) | |
| ) | |
| Defendant.            ) | |
| ) | |

Pursuant to this Court's Order at Docket 184, the United States responds to defendant's

pleading filed at Docket 186.

Defendant raises three issues.  First, he argues that he should receive credit for

$22,545.00[1] that Sara Wilson gave to Treasury agents, a fraction of the $414,578.89 that she had

---

[1] The total amount of money that Sara Wilson turned over to Treasury agents was $22,550.00.  A five dollar fee was expended when the cash was converted to a negotiable instrument sent to the victim; thus Sara Wilson only received credit for $22,545.00.  She has paid a total of $29,745.00 towards satisfaction of her restitution judgment.  She has a balance due of $386,439.05.

stolen from Carr's grocery store. Second, defendant claims to have a marital property interest in the proceeds of the criminal activity of his wife. Finally, defendant claims that the writ of garnishment violates the provisions of the bankruptcy code. As explained below, defendant is mistaken as to all three issues.

1. Application of Payments to Joint and Several Restitution Debts

Defendant claims that he should have received credit for payments made by his co-defendant ex-wife, Sara Wilson, because his liability for restitution is joint and several with Sara Wilson's judgment.

The government and Mr. Wilson disagree over the proper allocation of payments where liability for a portion of the restitution judgment is shared among co-defendants. Surprisingly, there is no case law to provide guidance on this issue. Allocation of payments among co-defendants is not an issue when multiple defendants are sentenced to pay the same amount of restitution. Any payment made by any defendant is credited until the total amount of restitution is paid in full. The issue arises when, as in the present case, defendants are sentenced to differing amounts of restitution. The defendant would have all payments credited equally, with the result that the defendant with the smallest debt is paid off first, regardless of who made the payment or how much each defendant owes. This is illustrated with a simple example – if, at the very beginning of this case, Sara Wilson made a $40,000 payment, her restitution debt would be reduced to $374, 578.89 and Joseph Wilson's restitution debt would be satisfied in whole, despite the fact he paid $0.00. The victim is still owed a lot of money but one source of potential has been released. This methodology does not serve the interests of the victim or the interests of

justice.

In order to effectuate the purpose of the Mandatory Victim's Restitution Act (MVRA)[2] and to increase the likelihood that the victim will be fully compensated in accordance with the judgment as well as to maximize the usefulness of ordering joint and several liability, the government holds each defendant independently liable for the restitution balance until the liability for all defendants equals the same amount. The same example given in the preceding paragraph, where Sara Wilson made a $40,000 payment, would therefore result in her restitution debt being reduced to $374, 578.89, but Joseph Wilson's restitution debt would be unaffected, reflecting the fact that he paid, under this hypothetical, $0.00. This methodology serves the interests of the victim as well as the interests of justice. It holds all defendants responsible for satisfying their financial obligations, thereby resulting in a greater likelihood that the victim will be fully compensated in accordance with the judgment. To maximize the usefulness of ordering joint and several liability, each defendant should be held independently liable for the restitution balance until the liability for all defendants equals the same amount.

2.   Marital Property

As an apparent alternate theory, defendant claims to have a separate ownership interest in the $22,550.00. He claims that legal doctrine of "tenancy by the entirety"[3] applies to the

---

[2] 18 U.S.C. § 3664(f)(1)(A) ("the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant"); U.S. v. Gordon, 393 F.3d 1044, 613 (9th Cir. 2004) ("The primary and overarching goal of the MVRA] is to make victims of crime whole.").

[3] Tenancy by the entirety is essentially 'joint tenancy' modified by the common law theory that husband and wife are one person, and survivorship is the predominant and distinguishing feature of each. United States v Jacobs, Ill. & N. Y., 306 U. S. 363, 370 (1939).

$22,550.00.  Defendant's claim to have an ownership interest to half the money that his ex-wife embezzled, with his assistance, from Carr's grocery store is without merit.

Defendant cites Faulk v Estate of Haskins, 714 P.2d 354 (Alaska 1986).  Faulk merely stands for the principal that vehicles, household goods, and furnishings acquired by a married couple are presumed to be held in tenancy by the entirety, thus passing to the surviving spouse upon one spouse's death.  It does not hold a spouse acquires a marital interest in money that the other spouse obtained by criminal fraud.

An analogous claim to the one raised by defendant was asserted in the context of a forfeiture action in United States v. Hooper, 229 F.3d 818 (9th Cir. 2000).  In that case, the district court held that, under California law, the wives of two convicted drug dealers did not acquire a community property interest in illegally-acquired assets that had been purchased with the proceeds of their husbands' illegal drug trafficking.  The circuit court affirmed on a different ground from that relied upon by the district court, concluding that federal forfeiture law bars relief even if California would recognize a community property interest in the proceeds of the illegal drug trafficking to which Claimants' husbands pleaded guilty.[4]

---

[4] The Court stated that
[a]lthough we do not suggest that it is incorrect, the district court's ruling regarding California's community property law is not free from doubt. California Family Code § 760 provides that "[e]xcept as otherwise provided by statute, all property, real or personal ... acquired by a married person during the marriage while domiciled in [California] is community property." We have been directed to no California statute excluding illegally-gained proceeds from this rule, and judicial authority is sparse indeed. The district court relied on two cases. The first is Karageris v. Karageris, 145 Cal.App.2d 556, 302 P.2d 850 (1956), holding that misappropriation of property gives rise to no community interest in the innocent spouse because the misappropriator never acquires title. The second is Kemp v. Enemark, 194 Cal. 748, 230 P. 441 (1924), in which the California Supreme

While <u>Hooper</u> does not support the defendant's position, there is one crucial point of distinction between <u>Hooper</u> and the present case.- the wives in <u>Hooper</u> claimed to be innocent of their husband's criminal activities while the defendant in this case has been convicted of aiding and abetting his wife's fraud. Mr. Wilson is decidedly <u>not</u> an innocent spouse.

3. <u>Bankruptcy Automatic Stay</u>

Defendant's final claim is that the government's writ violated 11 U.S.C. § 362. Defendant filed his bankruptcy petition on June 6, 2000. He obtained an order of discharge on April 17, 2006. It is uncontested that the restitution judgment entered in the present case was not discharged as part of that bankruptcy petition. A stay under section 362 applies to, among other actions, "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case . . . ." 11 U.S.C. § 362(a)(2). Such enforcement is stayed until the conclusion of the bankruptcy case. 11 U.S.C. § 362(c)(2)(A). However, the stay is no longer in effect after the conclusion of the bankruptcy case. <u>Id</u>. The government filed its application for the present writ on November 30, 2006. Docket 173. This was over seven months after the conclusion of the bankruptcy case. Therefore, the automatic stay provisions of section 362 do not apply.

4. Conclusion

Defendant is not entitled to a credit for payments that his ex-wife co-defendant has thus

---

Court held that money obtained by fraud became community property when invested in the marital homestead, but that equity would not protect the innocent spouse's community interest from foreclosure by the defrauded victim. Although somewhat supportive of the district court's view, neither case is dispositive; . . . ."
<u>United States v. Hooper</u>, 229 F.3d 818, 820 (9th Cir. 2000).

far made to satisfy her criminal restitution judgment. To do so would result in a windfall to the defendant and penalize the victim of the defendant's fraudulent activities.

RESPECTFULLY SUBMITTED this 1st day of March, 2007, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Richard L. Pomeroy
RICHARD L. POMEROY
Assistant U.S. Attorney
222 West 7th Avenue # 9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No. 8906031

I declare under penalty of perjury that a true and correct copy of the foregoing RESPONSE TO DEFENDANT"S OBJECTION was served on Joseph E. Wilson, Jr. by first class mail on March 1, 2007.

s/Richard L. Pomeroy