JOSEPH E. WILSON JR.,
16510 Centerfield Drive, Apt. D-1
Eagle River, Alaska  99577
Telephone (907) 696-2223



RECEIVED
MAR 1 2 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| In re: | ) |
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| Vs | ) |
| JOSEPH E. WILSON, JR., | ) |
| Defendant | ) CaseNO.3:99-CR-00096-RRB |

### RESPONSE TO PLAINTIFF'S RESPONSE.

Joseph E. Wilson, Jr., a defendant in the case referenced above submits this response to the plaintiff's response to pleading filed at Docket 186

The Plaintiff states the defendant is mistaken as to all three issues that the Plaintiff gave a response to

1. The Plaintiff states that the defendant is mistaken in claiming that he should receive credit for payments made by his co-defendant ex-wife Sara Wilson, because his liability for restitution is joint and several with Sara Wilson's judgment

  (a) Defendant has claimed that the $22,500.00 that the Secret Service received, $17,000.00 from Sara Wilson and $5,550.00 from Sandra Porter should be applied, because nothing in Sara Wilson's plea agreement nor in defendants judgment mentions how the $22,550.00 is to be applied.   Also Plaintiff clearly states in their response " The Government and Mr. Wilson disagree over the proper allocation of payments where liability for a portion of the restitution judgment is shared among co-defendants. Surprisingly, there is no case law to provide guidance on this issue" . It appears' that the Defendant is not mistaken; Defendant has a theory, just as the Plaintiff has a theory.

2.  The Plaintiff states Defendant is mistaken in the Marital property, Defendant claims a legal doctrine of " tenancy by the entirety" in the $22,550.00. The Plaintiff states " ex-wife embezzled, with his assistance, from Carr's grocery store ". The Plaintiff argues that the Faulk v Estate of Haskins case " merely stands for the principal that vehicles, household goods, and furnishing acquired by a married couple are presumed to be held in tenancy by the entirety " Plaintiff goes on to state that the case " it does not hold a spouse acquires a marital interest in money that the spouse obtained by criminal fraud" . The Plaintiff refers to a forfeiture action in United Sates v Hooper That circuit court affirmed on a different ground from that relied upon by the district court, concluding that federal forfeiture laws bars relief even if California would recognize a community property interest in the proceeds of the illegal drug trafficking

(a) The Faulk v Estate of Haskins is dealing with what , was meant by Alaska Statues with regard to applying the meaning of property " presumed " tenancy by the entirety. Plaintiff seems to argue that since the case does not specifically state money , money is not presumed to be tenancy by the entirety. I disagree that the court needs every possible item to be listed that could be tenancy by the entirety.

(b) The Plaintiff is mistaken when they state defendant assisted the co-defendant in her embezzlement, Plaintiff does not introduce any evidence to support their statement that the Defendant assisted co-Defendant in embezzling any money.

(c ) The Plaintiff is mistaken in referring to United Sates v Hooper since the Plaintiff has not submitted any evidence to support that the $22,550.00 given to Secret Service is from a forfeiture action by the Government.

(d) The Plaintiff is mistaken in claiming the $22,550.00 is from embezzlement by Sara Wilson, or from any criminal activity, as the Plaintiff has not submitted any evidence to support their claim this money is from criminal activity.

(e) Since the $22,550.00 has not been proven to be money from a criminal activity, Defendant is not mistaken in his argument.

**RESONSE OF DEFENDANT JOSEPH E. WILSON JR.**
**Case No. 3:99-cr-00096-RRB**                                                                                             Page 2

3. The Defendant has not to his knowledge stated that the writ of garnishment of November 30, 2006 was a violation of the bankruptcy stay. The Defendant has claimed the actions surrounding the sale of his home on February 9, 2006 and the wrongful holding of funds being argued in the civil case are violations of the stay.  Any action taken by any government employee or government agency to collect the restitution owed by the defendant prior to the closing of the Bankruptcy of April 17, 2006 is a violation, and if those actions that violated the stay where caused by a government employee or government agency, that now allows for this writ of garnishment to attach to these funds, that the government had no claim to on February 9, 2006, would make this writ of garnishment tainted and a willful disregard for the intent congress had when writing the Bankruptcy laws.

4. Conclusion

(a) The $22,550.00 given to Secret Service by Sara Wilson and Sandra Porter, has not been shown to have been money from a criminal activity, nor has Plaintiff given evidence of any criminal or civil forfeiture proceedings.

(b) The Plaintiff has not given any evidence or case law that supports the $22,550.00 can not be applied to Defendants restitution.

(c) The Defendants judgment does not state how restitution payments are to be applied, it just says joint and several.

(d) Co-defendants plea agreement makes no mentions of the $22,550.00 or how restitution payments are to be applied.

(e) Until such time as an evidence hearing is done in this criminal case or the civil case, with regards to the surrounding action of Defendants creditors before April 17, 2006. It is unclear at this time what participation the government had in possible violations of the bankruptcy stay. If it is found that the government actions are the reason for the delay in disbursing the sale proceeds of February 9, 2006, they would have violated the bankruptcy stay.  Government actions prior to April 17, 2006, would bring this writ of garnishment motion, under question as to its legal standing, if it was tainted with violations of the bankruptcy laws.

RESPECTFULLY SUBMITTED this 12 th day of March, 2007, at Anchorage Alaska.

DATED: 3/12/2007

JOSEPH E. WILSON JR.

**CERTIFICATE OF SERVICE**

On March 12, 2007 , a copy of the foregoing was transmitted by first-class mail to:

NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. Seventh Avenue #9, RM. 253
Anchorage, Alaska 99513-7565

**RESPONES OF DEFENDANT JOSEPH E. WILSON JR.**
Case No. 3:99-cr-00096-RRB                                                                                                Page 3