NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West 7th Avenue, # 9, Room 253
Anchorage, AK  99513-7567
Phone:  (907) 271-5071
Fax:  (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:99-cr-00096-RRB |
| | ) |
| Plaintiff, | ) **SUPPLEMENTAL BRIEF ON** |
| | ) **ACCOUNTING OF JOINT AND** |
| vs. | ) **SEVERAL PAYMENTS** |
| | ) |
| JOSEPH E. WILSON, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pursuant to this Court's Order at Docket 196, the United States provides this

supplemental briefing on the issue of joint and several liability for restitution.  The issue before

the court is Defendant's assertion that he should receive credit for $22, 545.00 that Sara Wilson

gave to Treasury agents, which was credited as a payment towards satisfying her restitution

judgment of $414,578.89.

**Factual Background**

Defendant's ex-wife, Sara Wilson ("Sara"), was arraigned in the District of Alaska on multiple charges of forging Money Orders, Mail Fraud, Wire Fraud and filing false tax returns. Her case was transferred to the Western District of Washington where she pled guilty to all charges in June 1999. She was sentenced on September 17, 1999, and ordered to pay restitution of $416,184.05. Her judgment states that, "Restitution shall be joint and several with Joseph Wilson, if he is convicted on the related charges pending in the District of Alaska." In May, 2000, $22,545.00 that had been seized in conjunction with Sara's arrest was paid to the restitution victim, Hartford Insurance Company, and credited as a payment towards satisfaction of Sara's restitution judgment.[1]

In July 1999, Defendant was charged with 48 counts of wire fraud, money laundering and false tax returns. He was tried and convicted of 45 of the 48 counts and, on September 22, 2000, sentenced to 51 months incarceration, 5 years of supervised release, and to pay a $4,500.00 special assessment and to pay restitution totaling $38,000.00. See Docket 108. He appealed and the Court of Appeals affirmed in part but reversed the convictions for concealment of money laundering, and remanded for resentencing. See United States v. Wilson, 39 Fed.Appx. 495 (9th Cir. April 3, 2002). Wilson was resentenced on November 12, 2002 and, relevant to this inquiry, the amount of restitution which he was to pay remained at $38,000.00. Docket 166. Defendant's judgment was to be "joint and several with Sara Wilson in the amount of $38,000.00". Docket 166 at 7.

---

[1] As of May 1, 2007, Sara has paid $ 29,820.00 towards satisfying the restitution judgment; her balance is $ 386,364.05.

**Discussion**

The Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub. L. No. 104-132, 110 Stat. 1214, 1227 (codified principally at 18 U.S.C. §§ 3663A and 3664), makes restitution mandatory for certain offenses involving fraud.  The Ninth Circuit has affirmed that, "[t]he primary and overarching goal of the MVRA is to make victims of crime whole.  In achieving this objective, Congress intended district courts to engage in an expedient and reasonable restitution process, with uncertainties resolved with a view toward achieving fairness to the victim."  United States v. Gordon, 393 F.3d 1044, 1048 (9th Cir. 2004).

Under the MVRA, "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."  18 U.S.C. § 3664(h).  In the present case, liability for restitution was apportioned, in that Defendant was not made liable for the full amount that the victim lost, as Sara was, but rather was sentenced to an amount of restitution to reflect his level of contribution to the victim's loss.

In multi-defendant cases, because of charging decisions, different offenses of conviction and the fact that each sentence is separately imposed, one victim who suffered in fact one total loss may have several defendants who are liable to that defendant, all in a different amount.  The result is not pure "joint and several liability"[2] in the sense that is typically imposed in a civil case,

---

[2] "A liability is said to be joint and several when the creditor may sue one or more of the parties to such liability separately, or all of them together at his option."  Black's Law Dictionary 751 (5th ed. 1979).

but a hybrid.  The First Circuit recognized this fact in United States v. Scott, 270 F.3d 30 (1ˢᵗ Cir.

2001).  In Scott, three co-defendants were sentenced to differing amounts of restitution without

specifying whether the liability was to be joint and several.  After noting that, in cases with

multiple defendants, each defendant may be made liable for the full amount of the victim's loss

or apportioned some fraction of that amount, the court observed that

> If the defendants are each made liable for the full amount, but the victim may
>
> recover no more than the total loss, the implication is that each defendant's
>
> liability ends when the victim is made whole, regardless of the actual
>
> contributions of individual defendants-a rule that corresponds to the common law
>
> concept of joint and several liability.  Cf.  Tilcon Capaldi, Inc. v. Feldman, 249
>
> F.3d 54, 62 (1st Cir.2001) (defining joint and several liability to mean "that
>
> damages are a single sum specified in the judgment, that each wrongdoer is liable
>
> for the full amount, but the wronged party cannot collect under the judgment *more*
>
> than the single sum").  Indeed, the legislative history for this provision states that
>
> it "gives the court the discretion either to make multiple defendants jointly and
>
> severally liable ... or to apportion the restitution order among the various
>
> defendants." S.Rep. No. 104-179, at 15 (1996), *reprinted in* 1996 U.S.C.C.A.N.
>
> 924, 928.

> . . . [H]owever, the [district] court did not make the defendants liable for the full
>
> amount. Rather, our reading of the district court's restitution order is that the

government may hold any individual defendant liable for as much as the court

ordered as to that defendant (that is, Scott for up to $37,970.68, Morrison for up to

$8,253.00, and Stephens for up to $7,479.00), but that the government may not

collect more from all defendants together than will make it whole (that is, a total

of $37,970.68 in restitution for the crime). Rather than true joint and several

liability, this type of liability is a creature of the restitution statute; such an order is

within the district court's discretion . . . .

Scott at 52-53.

As in Scott, the present case involves multiple defendants sentenced to pay differing

amounts of restitution to the same victim for the same loss.  And as in Scott, the United States

seeks to hold Defendant "liable for as much as the court ordered", but not more than would fully

compensate the victim for its loss, because "rather than true joint and several liability", as

Defendant argues, "this type of liability is a creature of the restitution statute."

A closely analogous situation that follows the accounting rationale that the United States

advocates arose in a case in which a victim received payments as a result of civil litigation.  In

United States v. Stanley, 309 F.3d 611 (9th Cir. 2002), due to an error by the district court,

Stanley was sentenced to pay restitution in the amount of $500,000, though his victim suffered a

loss of over $900,000.  Id. at 612-13.  Stanley's victim recovered $318,000 from Stanley's three

co-defendants in settlement of a related civil case.  Id. at 613.  The original judgment for Stanley

and his co-defendants ordered that "he and his co-defendants were jointly and severally liable."

Id. at 612.

At resentencing, Stanley argued, much as Defendant has argued in the present case, that "his restitution obligation should have been reduced to no more than $182,000 - that is, $500,000 minus $318,000." Id. The district court disagreed. "Instead, it subtracted the amount of the co-defendants' payments ($318,600) from [the victim's] total loss ($913,820.50), leaving an uncompensated loss of $595,220.50. The district ordered Stanley to pay restitution of $500,000." Id.

> Stanley appealed and the Ninth Circuit affirmed. The court stated that
>
> . . . when other parties have paid civil damages for the same loss for which a defendant is liable, the calculation of the amount of restitution remaining is a two-step process. First, the court ascertains the full amount of the victim's loss. In this case, that was determined to be $913,820.50. The court then subtracts the amount paid by the other parties. Here, that was $318,625. What is left is the unpaid portion of the victim's loss, in this case, $595,195.50. The amount of a restitution cap does not figure into the equation.

Id. at 613.

A concern of the court in Stanley was the potential for double recovery by a victim. The MVRA prevents double recovery by a victim.[3] The Court noted that

---

[3] 18 U.S.C. § 3664 provides, in part, as follows:
(f)(1)(A) In each order of restitution, the court shall order restitution to each victim *in the full amount of each victim's losses* as determined by the court and without consideration of the economic circumstances of the defendant.
  (B) In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.
* * *

U.S. v. Joseph E. Wilson, Jr.
Case No. 3:99-cr-00096-RRB                6

[t]o prevent double recovery, payments such as those made by Stanley's co-

defendants are subtracted from the amount of the victim's loss.  To that extent,

Stanley may benefit from them.  However, such payments have nothing to do with

the cap on restitution that resulted from the error at the time of the plea that served

to limit the defendant's maximum exposure to no more than a certain amount.

There is no question of double recovery here.  Accordingly, the district  court

correctly subtracted the co-defendants' payments from [the victim's] loss, but not

from the restitution cap.  The $500,000 restitution order imposed on Stanley

neither exceeded the restitution ceiling nor authorized a double recovery for the

victim.

Id at 613-614.

By following the principles articulated in United States v. Gordon, 393 F.3d at 1048

("...uncertainties resolved with a view toward achieving fairness to the victim.") and the

examples found in Scott and Stanley, the United States has treated these restitution judgments

not as "true joint and several liability", but as "creatures of the restitution statute".  As the First

Circuit upheld in Scott, the government has held the Defendant liable for as much as the court

ordered in restitution.  It has followed the same method of accounting for payments of co-

defendants who have a greater debt owed to the victim as the Ninth Circuit upheld in Stanley.

The rationale behind the methodology that Defendant advocates was rejected in each of those

---

(j)(2) Any amount paid to a victim under an order of restitution shall be reduced by any amount
later recovered as compensatory damages for the same loss by the victim in-
  (A) any Federal civil proceeding; and
  (B) any State civil proceeding, to the extent provided by the law of the State.

U.S. v. Joseph E. Wilson, Jr.
Case No. 3:99-cr-00096-RRB                  7

cases.  It should be rejected again in this case.  The methodology that the government follows

serves the interests of the victim as well as the interests of justice.  It holds all defendants

responsible for satisfying their financial obligations, thereby resulting in a greater likelihood that

the victim will be fully compensated in accordance with the judgment.  To maximize the

usefulness of ordering joint and several liability, each defendant should be held independently

liable for the restitution balance until the liability for all defendants equals the same amount.

RESPECTFULLY SUBMITTED this 3rd day of May, 2007,  at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Richard L. Pomeroy
RICHARD L. POMEROY
Assistant U.S. Attorney
222 West 7th Avenue # 9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No. 8906031

I declare under penalty of perjury that a
true and correct copy of the foregoing
SUPPLEMENTAL BRIEF was served
on  Joseph E. Wilson, Jr. by first class mail
on May 3, 2007.

s/Richard L. Pomeroy