UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>JOSEPH E. WILSON, JR.,<br><br>        Defendant. | 3:99-cr-00096-RRB-JDR<br><br>**RECOMMENDATION ON DEFENDANT'S CLAIM OF EXEMPTION**<br><br>(Docket No. 179) |

Defendant Joseph E. Wilson, Jr., filed a claim of exemption and request for hearing in response to the government's efforts to collect restitution imposed upon Wilson by this court. Docket No. 179. The claim of exemptions was referred to the magistrate judge pursuant to D.Ak.L.M.R. 2. *See*, Docket No. 181. *For reasons stated below* **the magistrate judge recommends that the claim of exemptions be denied.**

The government requested a hearing pursuant to 26 U.S.C. § 3202(d). Docket No. 182. The request for hearing was granted, and an evidentiary hearing was conducted on January 24, 2007. The government was directed to submit an accounting of restitution payments, and the government complied with the court's order by filing an accounting of restitution payments by Joseph Wilson and Sara Wilson at Docket No. 185-1. Wilson submitted a response to the government's notice of accounting of restitution, Docket No. 186. The United States submitted an opposition at Docket No. 187, and Wilson filed a reply at Docket No. 188. The government submitted a supplemental brief on accounting of joint and several payments at Docket No. 199.

On March 15, 2007, the magistrate judge entered an order noting that the government's accounting did not answer the question whether the approximate $22,500 seized in conjunction with the arrest of Sara Wilson and applied against her restitution constituted the proceeds of criminal activity, or were in whole or in part derived from legitimate sources.[1] An evidentiary hearing was conducted April 18, 2007, followed by a hearing on the motion for writ of execution on Wilson's permanent fund dividend check filed at Docket No. 192. Upon due consideration of

---

[1] Joseph Wilson's Answer refers to the amount in dispute as $22,500. Docket Nos. 179 and 188. The government refers to $22,545. Docket Nos. 185 and 199. The Secret Service investigative report states that $22,550 was recovered. Exhibit A to Evidentiary Hearing. Of the $22,550 recovered from Sara Wilson, a five dollar bank fee reduced her credit for restitution to $22,545.

the evidenced adduced and arguments of the parties, the magistrate judge enters his findings and recommendations below.

## Findings of Fact

On October 3, 2000, Wilson was adjudged guilty on various counts of the indictment and sentenced on Counts 1 through 42, and Counts 46 through 48. Docket No. 108.  The sentence included restitution in the amount of $38,000.  The district court's decision was affirmed in part and reversed in part on appeal, and remanded for re-sentencing.  *See*, Docket No. 147.  On September 5, 2002, the district court entered an amended judgment that continued to impose restitution in the amount of $38,000.  Docket No. 155.  The restitution remained after the court entered a second amended judgment on November 15, 2002, Docket No. 166.

The defendant's ex-wife, Sara Wilson, was arraigned in the District of Alaska on multiple charges of forging money orders, mail fraud, wire fraud, and filing false tax returns.  Her case was transferred to the Western District of Washington, where she pled guilty to all charges in June 1999.  Her sentence, imposed September 17, 1999, included restitution in the amount of $416,184.05.  Her judgment states that restitution "shall be joint and several with Joseph Wilson, if he is convicted on the related charges pending in the District of Alaska."

In May 2000, the sum of $22,545 that had been seized in conjunction with Sara's arrest was paid to a restitution victim, Hartford Insurance Company, and

credited as a payment toward satisfaction of Sara's restitution judgment. The sentence imposed upon the defendant, Joseph Wilson, for restitution was "joint and several with Sara Wilson in the amount of $38,000." Docket No. 166 at p. 7. Wilson seeks credit for $22,550 recovered by the United States Secret Service on or about May or June 1997.

In the meantime the government pursued garnishment of proceeds from the sale of the defendant's home (Sara's, Joseph's, or jointly held) which occurred on February 9, 2006. The defendant references case no. 3:06-cv-00231-RRB as litigation addressing wrongful withholding of funds from that sale. This recommendation does not address that issue. Wilson argues that he should receive credit for the $22,545 that Sara Wilson gave to treasury agents which the government credited only as payment toward Sara's restitution judgment. Wilson was given credit for six payments totaling $368.85 toward his special assessment debt. The government acknowledges that Joseph Wilson has not received any credit for payments Sara Wilson has made so that his restitution balance of $38,000 remains. From the evidentiary hearing, I find that secret service agents Michael Fithen and Frank Powers interviewed Sara Wilson during their investigation in this case. Sara Wilson admitted she had taken bulk money orders and had some of the proceeds at her place of residence (the home of Dennis Mongold). Monies obtained from the basement of the house, together with monies turned over from a safe

deposit box that Sara Wilson had with a third party, constituted the $22,550. These facts arising from the evidentiary hearing are consistent with the district court judgments of restitution imposed on Joseph Wilson and Sara Wilson.

## Discussion

Crediting payments first to special assessments is statutory. *See*, 18 U.S.C. §§3612(c), 3664(j)(1), and 3663(c)(5). It is also statutory that a restitution judgment accrues interest. Wilson's obligation to pay the special assessment terminated on September 2, 2005, pursuant to 18 U.S.C. §3013(c). Any payments received after that date must be applied to his restitution debt. The government acknowledges that it cannot collect double restitution when multiple parties are jointly and severally liable.

The purpose of restitution is to make the victim(s) of the crime(s) whole. United States v. Gordon, 393 F.3d 1044, 1048 (9th Cir. 2004). The Mandatory Victim's Restitution Act of 1996 ("MVRA"), Pub.L.No. 104-132 -110 Stat. 1214, 1227, codified principally at 18 U.S.C. §§3663A and 3664 address restitution where there is more than one defendant. "If the court finds that more than one defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of the restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." *See*, 18 U.S.C. §3664(h). As the government

states in its briefing, Joseph Wilson was not made liable for the full amount of restitution (although Sara Wilson apparently was), but was <u>sentenced to an amount of restitution</u> to reflect his level of contribution to the victim's loss.  If defendants are each made liable for the full amount of restitution, since the victim may recover no more than the total loss, "each defendant's liability ends when the victim is made whole, regardless of the actual contributions of the individual defendants. . . ." <u>United States v. Scott</u>, 270 F.3d 30, 52-53 (1st Cir. 2001).

Section 3664(f)(1)(A) of Title 18, United States Code, provides in relevant part as follows: "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."  Section 3664(j)(2) provides: "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in – (A) any federal civil proceedings; and (B) any State civil proceeding, to the extent provided by the law of the State."  Thus, payments made by a co-defendant are subtracted from the amount of the victim's loss.  To that extent, the defendant may benefit from them.  Payments by a co-defendant have nothing to do with the cap on restitution that serves to limit the defendant's maximum exposure to no more than a certain amount.  <u>United States v. Stanley</u>, 309 F.3d 611, 613-14 (9th Cir. 2002).

Stanley, like Wilson in the instant case, was liable to pay restitution jointly and severally with his co-defendants. The district court had imposed restitution on Stanley (due to an error) in the amount of $500,000 although the victim suffered a loss of over $900,000. *Id.* at 612-13. The victims recovered $318,000 from Stanley's three co-defendants in settlement of a related civil case. Stanley argued that his restitution obligation should have been reduced by the $318,000. The district court disagreed. Instead the district court subtracted the amount of the co-defendants' payments from the victim's total loss to arrived at an uncompensated loss of more than $592,000. The district court ordered Stanley to pay restitution of $500,000. On appeal, the Ninth Circuit instructed that the trial court should first ascertain the full amount of the victim's loss, then subtract the amount paid by other parties. That difference is the unpaid portion of the victim's loss. "The amount of a restitution cap does not figure into the equation." *Id.* at 613. The amount of payments by a co-defendant has nothing to do with the cap on restitution owed by the defendant. But the amount of the co-defendant's payments are subtracted from the victim's loss, but not the restitution cap. The amount of restitution owed by the defendant cannot exceed the balance remaining to the victim(s).

Wilson has challenged the accounting of the government for payments received from his co-defendant. As discussed above, Joseph Wilson is not entitled to a reduction in the amount of restitution he owes merely because his co-defendant

has made payments toward her restitution. With respect to the $22,550 recovered by government agents from Sara Wilson, Joseph Wilson has not shown that he had any legal right to those funds. Joseph Wilson had the burden of going forward with the evidence on that issue at the evidentiary hearing. Because of his failure to meet that burden, the court should not upset the government's accounting of restitution based upon the monies seized from Sara Wilson. Joseph Wilson is independently liable for his restitution balance until the liability of all the victims has been paid in full.

Wherefore, Joseph Wilson's claim of exemption to further efforts of collection of restitution by the government should be denied. IT IS SO RECOMMENDED.

DATED this 6th day of July, 2007, at Anchorage, Alaska.

     /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Wednesday, July 25, 2007**,. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right

to contest those findings on appeal. <u>McCall v. Andrus</u>, 628 F.2d 1185, 1187-1189 (9th Cir.), <u>cert</u>. <u>denied</u>, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation <u>United States v. Howell</u>, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON, Wednesday, August 1, 2007**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. <u>See</u> <u>Hilliard v. Kincheloe</u>, 796 F.2d 308 (9th Cir. 1986).