

JOSEPH E.WILSON JR.,
16510 Centerfield Drive, Apt. D-1
Eagle River, Alaska 99577
Telephone (907) 696-2223

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| In re: | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs | ) |
| | ) |
| JOSEPH E. WILSON, JR., | ) |
| | ) |
| | ) |
| Defendant | ) CaseNO.3:99-CR-00096-RRB |

**OBEJECTION TO MAGISTISTRATE JUDGE'S RECOMMENDATION**

Joseph E. Wilson, Jr., a defendant in the case referenced above respectfully submits this objection to the magistrate judge's findings. The evidentiary hearing or evidence submitted in prior motions does not support the recommendation for the following reasons.

    1. No factual evidence was submitted that the $5,550.00 given to U.S. Secret Service agents Fithen and Powers by Sandra Porter on June 24, 1997 was from a joint safe deposit box with Sara Wilson. Defendant's exhibit A, Special Agent Fithen report clearly shows, that Sandra Porter said she went into Sara's apartment on May 8, 1997 using her managers key with Pete Johnson and Clint Walker, they took $5,500.00 from a safe in the apartment. Defendant's exhibit B shows that on May 9, 1997 the next day Sandra Porter open a safe deposit box in her name only. This is the safe deposit box that Sandra took the $5,550.00 from and gave to agents Fithen and Powers. There was no evidence to support that this $5,500.0 was seized from Sandra Porter or from Sara Wilson, nor evidence submitted by the government that the $5,550.00 was money from any illegal activity. No factual evidence was submitted to support, that this money taken from Sara's apartment was money from her stealing or even how much money was in the apartment that was removed.

    2. No factual evidence was submitted that the $17,000.00 given to Secret Service agents Fithen and Powers by Sara Wilson on June 24, 1997 was from a safe deposit box held joint with Sandra Porter, nor that the money was from her stealing, or that it was seized by the agents.

OBJECTION TO MAGISTISTRATE JUDGE'S RECOMMENDATION
Case No. 3:99-cr-00096-RRB Joseph E. Wilson Jr.                                                                 Page 1

3. Sara Wilson did not have $22,550.00 seized when she was arrested, May 2000. A third party Sandra Porter voluntarily gave $5,550.00 she took from Sara's apartment on May 8, 1997 to Secret Service agents on June 24, 1997 and Sara Wilson voluntarily gave secret service agents on June 24, 1997 $17,000.00. Sara Wilson nor Sandra Porter were arrested nor did they have seizure papers served on them from the court indicating what money was to be seized. Sara Wilson was not arrested on June 24, 1997 when she voluntarily spoke with secret service agents.

4. United States v. Stanley, 309 F.3d 611, 613-14 (9th cir. 2002) is not relevant to this case, the $22,550.00 voluntarily given to special agents while questioning Sandra Porter ($5,550.00) and Sara Wilson ($17,000.00) on June 24, 1997 has not been shown with factual evidence that it was from Sara's stealing. No evidence has been submitted showing that Sandra Porter or Sara Wilson voluntarily giving this money was in any way supporting the governments claim that this $22,550.00 was recovered money from Sara's stealing from Carr's grocery store.

5. I have the highest degree of respect for this court, however I do not find that it is my burden to prove that the $5,550.00 given to secret service by Sandra Porter on June 24, 1997 nor the $17,000.00 given by Sara Wilson on June 24, 1997 was legal money. It is the government who has made the claim that the money given by Sandra Porter and Sara Wilson is from Sara's stealing, the burden is on them to show factual evidence to support their claim. They had the opportunity back in 1997 to correctly file motions to identify ownership of the money, they had the opportunity at Sara's sentencing to have the court determine if the $22,550.00 was in fact from her stealing, they had the opportunity to have Sandra Porter and Sara Wilson to testify at the evidentiary hearing that the money was from stolen money. The evidence submitted at the evidentiary hearing did not support the governments claim, the agent had no factual knowledge that the money he was given was legal or illegal money, nor did the agent support he arrested Sara and recovered illegal money. Defendant spent 21 years as a Revenue Officer seizing assets for the payment of delinquent taxes owed to the United States, and at no time was I allowed to assume that money or assets I seized or was given belonged to the taxpayer without supporting my claim for the government. In fact on many occasion third parties would have a claim in assets that were seized and we would return them to the rightful owner. Facts to ownership and if the funds are illegal have not been supported by the evidence.

6. No evidence has been submitted that this $22,550.00 given to secret service agents on June 24, 1997, was seized, was a payment ordered by the court as payment towards Sara's restitution, was recovered stolen money, or ownership and interest in the money had been determined. The fact that the government or government agencies did not follow procedures, polices or law to determine if they had a rightful claim to the money, doesn't not make the burden fall on the defendant to prove that all the jointly held marital property, that the defendant claims a legal doctrine of " tenancy by the entirety" in money by him and his wife on June 24, 1997 was legal money. The government has not proven their claim to the money given by Sandra Porter and Sara Wilson was illegal nor was it seized, nor the defendant was every ask about the money. As earlier stated in defendants motions **see Pacific Reporter 2d series 714 page 354 Faulk v Haskin. The Superior Court Third Judicial District Anchorage Alaska, affirmed by the Supreme Court of Alaska 2-14-1986 "(1) personal property which husband and wife jointly possessed and used was presumptively held in tenancy by the entirety".**

7. Defendant is not asking the court to order the $22,550.00 be returned to him for wrongfully be used in applying to Sara's restitution, as the joint funds have not been proven to be from illegal activities or from stolen money. The defendant is asking the court to apply voluntarily given money from Sandra Porter and Sara Wilson that is **"(1) personal property which husband and wife jointly possessed and used was presumptively held in tenancy by the entirety".** to his restitution.

RESPECTFULLY SUBMITTED this 16 th day of July, 2007, at Anchorage Alaska

DATED: 7/16/2007

JOSEPH E. WILSON JR.

**CERTIFICATE OF SERVICE**

On July 16, 2007 , a copy of the foregoing    was transmitted by first-class mail to:

NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. Seventh Avenue #9, RM. 253
Anchorage, Alaska 99513-7565