## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>    vs.<br><br>JOSEPH E. WILSON, JR.,<br><br>        Defendant. | 3:99-cr-00096-RRB-JDR<br><br>**FINAL RECOMMENDATION ON DEFENDANT'S CLAIM OF EXEMPTION**<br><br>(Docket No. 179) |

Joseph Wilson, Jr., has timely filed objections to the Recommendation addressing his claim of exemption at Docket No. 179. *See* Docket No. 201. The government filed a response to the objection. Docket No. 202. Upon due consideration of the objection and response, the magistrate judge continues to recommend that the claim of exemption(s) be denied. A few comments on the objection are stated below.

The issue addressed in the Recommendation is Wilson's claim that the amount of restitution he owes the United States should be reduced by $22,500 representing the monies recovered by the United States Secret Service from Sarah Wilson in 1997. Wilson first objects to the recommendation arguing that the government did not prove at the evidentiary hearing that the $17,000 given to Secret Service Agent Michael Fiften and the $5,550 given to Agent Fiften by Sandra Porter were monies derived from Sarah Wilson's embezzlement from the Eagle River store which led to her conviction and order of restitution in her criminal prosecution.[1] Wilson essentially is arguing that he had a joint interest in those monies with Sarah Wilson, now his ex-wife, because of their marital relationship. Wilson requests the court to apply the two sums of money to his restitution based on his claim that the monies were personal property belonging to him and his wife as tenancy by the entirety. Wilson complains that the government did not show at the evidentiary hearing that the monies were derived from Sarah's stealing. Although the government did not have the burden on the claim of exemption of proving Sarah Wilson's criminal conduct in light of her conviction for such offense, the testimony of SA Fiften supports the conviction and the conclusion that the monies turned over to

---

[1] The discrepancy in the $5,500 and the $5,550 is addressed in the recommendation and the evidence has been construed by the magistrate judge to refer to a single sum of money obtained by the Secret Service agents from Sandra Porter on or about June 24, 1997.

3-99-cr-00096-RRB-JDR WILSON @179 FINAL RR Re Claim of Exemption.wpd

2

FINAL RR @179 Re Defendant's Claim of Exemption
3-99-cr-00096-RRB-JDR                Signed by Judge John D. Roberts                08/03/2007; Page 2 of 4

the Secret Service agent by Sarah Wilson and Sandra Porter constituted monies recovered from Sarah stealing from Carr's grocery store. The district court that sentenced Sarah Wilson has given her credit toward her restitution for the $22,550. Joseph Wilson's claim of exemption in the instant case is not a proper legal vehicle to challenge that ruling.

In his claim for exemption Joseph Wilson did have the burden of showing his ownership interest in the $22,550 in accordance with his contention that the monies were held in tenancy by the entirety by Sarah Wilson. There was no evidence at the evidentiary hearing that Joseph Wilson had any interest in the safe deposit box with Sarah Wilson where the monies were voluntarily turned over to the Secret Service agents by Sarah Wilson. The evidence does not show that the monies were personal property jointly possessed by Joseph and Sarah Wilson.

SA Fiften testified that there was a theft reported and that based on statements and actions of Sarah Wilson and Sandra Porter including Sarah's signature on a consent form acknowledging that the monies were stolen was sufficient to convince him that the recovered monies constituted stolen proceeds. Sarah Wilson admitted stealing several hundred thousands of dollars and voluntarily surrendered the monies at issue to the government agents. SA Fiften recalls having told Joseph Wilson at the time that the government had recovered $17,000. Sarah Wilson entered into a plea agreement acknowledging the theft of $417,000.

3-99-cr-00096-RRB-JDR WILSON @179 FINAL RR Re Claim of Exemption.wpd                3

                    FINAL RR @179 Re Defendant's Claim of Exemption
3-99-cr-00096-RRB-JDR        Signed by Judge John D. Roberts        08/03/2007; Page 3 of 4

As discussed in the recommendation the victim of a theft cannot recover more than the total loss and Joseph Wilson's liability will end when the victim is made whole, regardless of his actual contributions.  However, the tally of outstanding restitution owed by Joseph Wilson need not be reduced because of the $22,550 credited to Sarah Wilson's restitution judgment as claimed by Joseph Wilson.  This matter shall now be forwarded to the assigned district judge for his determination of the claim of exemption.

DATED this 3rd  day of August, 2007, at Anchorage, Alaska.


 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge